<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

**Fill in this information to identify the case:**

United States Bankruptcy Court for the <u>Southern District of Texas</u>

Case number (*if known*): _____ Chapter <u>11</u>

☐   Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | Fort Armistead Road – Lot 15 Landfill, LLC |

| | | |
|---|---|---|
| **2.** | **All other names debtor used in the last 8 years** | N/A |
| | Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | 45-4960946 |

**4.**   **Debtor's address**

| Principal place of business | | | Mailing address, if different from principal place of business | | |
|---|---|---|---|---|---|
| 1780 | Hughes Landing Boulevard | | | | |
| Number | Street | | Number | Street | |
| Suite 800 | | | | | |
| | | | P.O. Box | | |
| The Woodlands | Texas | 77380 | | | |
| City | State | ZIP Code | City | State | ZIP Code |
| | | | **Location of principal assets, if different from principal place of business** | | |
| Montgomery | | | | | |
| County | | | Number | Street | |
| | | | City | State | ZIP Code |

**5.**   **Debtor's website** (URL)   https://www.talenenergy.com

**6.**   **Type of debtor**

☒   Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐   Partnership (excluding LLP)
☐   Other.  Specify: _____

WEIL:\98260282\10\76974.0003

| Debtor | Fort Armistead Road – Lot 15 Landfill, LLC | Case number (if known) | 22-___ (___) |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax- exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
5621 – Waste Collection

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  ☐ A plan is being filed with this petition.
  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes    District _____  When _____  Case number _____
                                    MM/ DD/ YYYY

         District _____  When _____  Case number _____
                                    MM / DD/ YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes    Debtor    See Schedule 1              Relationship    See Schedule 1

         District    Southern District of Texas    When    May 9, 2022
                                                            MM / DD/ YYYY

         Case number, if known    _____

WEIL:\98260282\10\76974.0003

| Debtor | Fort Armistead Road – Lot 15 Landfill, LLC | Case number (if known) | 22-_____ (  ) |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that app*ly.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

| Number | Street |
|---|---|

_____

| City | State | ZIP Code |
|---|---|---|

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact Name _____

Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

**(on a consolidated basis with all affiliated debtors)**

| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☒ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

**(on a consolidated basis with all affiliated debtors)**

| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☒ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

WEIL:\98260282\10\76974.0003

| Debtor | Fort Armistead Road – Lot 15 Landfill, LLC | Case number (if known) | 22-_____ (  ) |
|---|---|---|---|
| | Name | | |

**16. Estimated liabilities**
(on a consolidated basis with all affiliated debtors)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☒ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**Request for Relief, Declaration, and Signatures**

---

**WARNING** – Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■ I have been authorized to file this petition on behalf of the debtor.

■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __May 9, 2022__
MM / DD/ YYYY

✗

| | |
|---|---|
| __/s/ Andrew M. Wright__ | __Andrew M. Wright__ |
| Signature of authorized representative of debtor | Printed name |
| __General Counsel and Secretary__ | |
| Title | |

**18. Signature of attorney**

✗

| | | |
|---|---|---|
| __/s/ Gabriel A. Morgan__ | Date | __May 9, 2022__ |
| Signature of attorney for debtor | | MM / DD / YYYY |
| __Gabriel A. Morgan__ | | __Matthew S. Barr__ |
| Printed Name | | |
| __Weil, Gotshal & Manges LLP__ | | __Weil, Gotshal & Manges LLP__ |
| Firm Name | | |
| __700 Louisiana Street, Suite 1700__ | | __767 Fifth Avenue__ |
| Address | | |
| __Houston, Texas 77002__ | | __New York, New York 10153__ |
| City/State/Zip | | |
| __(713) 546-5000__ | | __(212) 310-8000__ |
| Contact Phone | | |
| __Gabriel.Morgan@weil.com__ | | __Matt.Barr@weil.com__ |
| Email Address | | |
| __24125891__ | __Texas__ | |
| Bar Number | State | |

WEIL:\98260282\10\76974.0003

## Schedule 1

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**"). A motion will be filed with the Court requesting that the chapter 11 cases of each Entity listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Talen Energy Supply, LLC.

| COMPANY |
| --- |
| Talen Energy Supply, LLC |
| Talen Montana Holdings, LLC |
| Talen Montana, LLC |
| Montana Growth Holdings LLC |
| Colstrip Comm Serv, LLC |
| Talen Generation, LLC |
| Montour, LLC |
| Brunner Island, LLC |
| Raven Power Generation Holdings LLC |
| Raven Power Group LLC |
| Raven Power Finance LLC |
| Raven Power Fort Smallwood LLC |
| Raven FS Property Holdings LLC |
| H.A. Wagner LLC |
| Brandon Shores LLC |
| Raven Lot 15 LLC |
| Fort Armistead Road – Lot 15 Landfill, LLC |
| Raven Power Property LLC |
| RMGL Holdings LLC |
| Brunner Island Services, LLC |
| Realty Company of Pennsylvania |
| BDW Corp. |
| Lady Jane Collieries, Inc. |
| Montour Services, LLC |
| Holtwood, LLC |
| Martins Creek, LLC |
| Sapphire Power Generation Holdings LLC |
| Sapphire Power LLC |
| Sapphire Power Finance LLC |

| COMPANY |
|---|
| MEG Generating Company, LLC |
| Sapphire Power Marketing LLC |
| Pedricktown Management Company LLC |
| Pedricktown Investment Company LLC |
| Pedricktown Cogeneration Company LP |
| York Plant Holding, LLC |
| York Generation Company LLC |
| Elmwood Energy Holdings, LLC |
| Elmwood Park Power, LLC |
| Camden Plant Holding, L.L.C. |
| Newark Bay Holding Company, L.L.C. |
| Liberty View Power, L.L.C. |
| Newark Bay Cogeneration Partnership, L.P. |
| Morris Energy Management Company, LLC |
| Morris Energy Operations Company, LLC |
| Lower Mount Bethel Energy, LLC |
| Pennsylvania Mines, LLC |
| MC OpCo LLC |
| Talen Nuclear Development, LLC |
| Bell Bend, LLC |
| Susquehanna Nuclear, LLC |
| Talen Texas, LLC |
| Barney Davis, LLC |
| Nueces Bay, LLC |
| Laredo, LLC |
| Talen Texas Property, LLC |
| Talen Texas Group, LLC |
| Talen Energy Marketing, LLC |
| Talen Energy Retail LLC |
| Talen Treasure State, LLC |
| Talen Energy Services Group, LLC |
| Talen Energy Services Holdings, LLC |
| Talen Energy Services Northeast, Inc. |
| Talen Land Holdings, LLC |
| Talen NE LLC |
| NorthEast Gas Generation Holdings, LLC |
| Dartmouth Plant Holding, LLC |
| Dartmouth Power Holding Company, L.L.C. |
| Dartmouth Power Generation, L.L.C. |

WEIL:\98260282\10\76974.0003

| COMPANY |
| --- |
| Dartmouth Power Associates Limited Partnership |
| Talen II Growth Parent LLC |
| Talen II Growth Holdings LLC |
| Talen Technology Ventures LLC |

**ACTION BY**
**WRITTEN CONSENT OF**
**THE GOVERNING BODIES OF**
**THE ENTITIES SET FORTH ON <u>SCHEDULE A</u> ATTACHED HERETO**
**May 9, 2022**

The undersigned, being all of the members of the board of directors, all of the members of the board of managers, the sole member, the managing member, or the general partner, as the case may be (as applicable, the "**Governing Body**") of the applicable entities set forth on <u>Schedule A</u> attached hereto (each, an "**Entity**", and collectively, the "**Entities**") do hereby consent to, adopt and approve, by written consent in accordance with applicable law and the relevant provisions of the respective governing documents of the applicable Entity, the following resolutions and each and every action effected thereby:

WHEREAS, each Entity is a direct or indirect wholly-owned subsidiary of Talen Energy Supply, LLC, a Delaware Limited Liability Company ("**TES**" and, together with the Entities, the "**Company**");

WHEREAS, the Company, with the assistance of legal and financial advisors, has been conducting a review of strategic alternatives;

WHEREAS, each Governing Body has reviewed and has had the opportunity to review and analyze the liabilities and liquidity of such Entity and their respective subsidiaries, the strategic alternatives available to such Entity and the impact of the foregoing on such Entity's business;

WHEREAS, each Governing Body has had the opportunity to consult with the management and the legal and financial advisors of the applicable Entity to fully consider, and have considered, the strategic alternatives available to such Entity;

WHEREAS, each Governing Body believes that taking the actions set forth below are in the best interests of the applicable Entity and, therefore, desires to adopt, authorize, and approve the following resolutions:

**I.    <u>Commencement of Chapter 11 Case</u>**

RESOLVED, each Governing Body has determined, after due consultation with the management and the legal and financial advisors of the applicable Entity, that it is desirable and in the best interests of such Entity, its creditors, and other parties in interest that a petition be filed by such Entity seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it further

RESOLVED, that Alejandro Hernandez, as President and Chief Executive Officer of TES, John Chesser as Chief Financial Officer and Treasurer of TES, and Andrew M. Wright as General Counsel and Secretary of TES, and any other manager, member, officer or director of any Entity (with respect to each Entity and/or the Company, each such person, an "**Authorized Person**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, to negotiate, execute, deliver and file with the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Bankruptcy Court**"), in the name and on behalf of the Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, notices and other documents (collectively, the "**Chapter 11 Filings**") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by any such

Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and be it further

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with the Company's chapter 11 cases (collectively, the "**Chapter 11 Cases**") or the Chapter 11 Filings, including, without limitation, (i) the payment of fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Cases with a view to the successful prosecution of the Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

## II. Restructuring Support Agreement

**RESOLVED**, that in connection with each Entity's Chapter 11 Case, the Governing Body of such Entity has determined that it is in the best interests of such Entity to enter into a Restructuring Support Agreement (the "**Restructuring Support Agreement**") on the terms and conditions substantially similar to those set forth in the form of Restructuring Support Agreement previously provided to such Governing Body; and be it further

**RESOLVED**, that the form, terms and provisions of the Restructuring Support Agreement, together with the term sheet annexed thereto (the "**Term Sheet**") and the execution, delivery and performance thereof and the consummation of the transactions contemplated thereunder by such Entity are hereby authorized, approved and declared advisable and in the best interest of such Entity, with such changes therein and additions thereto as Authorized Person executing the same may in his or her discretion deem necessary or appropriate, the execution of the Restructuring Support Agreement to be conclusive evidence of the approval thereof; and be it further

**RESOLVED,** that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of such Entity, to cause such Entity to deliver, certify, file and/or record, the Restructuring Support Agreement, including the Term Sheet attached thereto and such other documents, agreements, instruments and certificates as may be required by the Restructuring Support Agreement, including the Term Sheet and the Backstop Commitment Letter (as defined in the Restructuring Support Agreement); and be it further

## III. Debtor-in-Possession Financing

**RESOLVED**, that in connection with the Chapter 11 Cases, it is in the best interests of (i) in the case of Talen Energy Supply, LLC, a Delaware limited liability company (the "**DIP Facility Borrower**"), to enter into and obtain loans, (ii) in the case of the Subsidiary Guarantors (as defined below), to guarantee the DIP Facility Borrower's obligations under the DIP New Money Credit Agreement (as defined below), and (iii) in the case of the DIP Facility Borrower and the Subsidiary Guarantors, to consummate the transactions under that certain Superpriority Secured New Money Debtor-in-Possession Credit Agreement (the "**DIP New Money Credit Agreement**") consisting of (a) a revolving credit facility in an aggregate principal amount of up to $300,000,000, (b) a term loan facility in an aggregate principal amount of up to $1,000,000,000, and (c) a letter of credit facility in an aggregate principal amount of up to $457,905,218.85, consisting of all letters of credit outstanding under the Prepetition Revolving Credit Facility as of the Petition Date (the "**Existing Letters of Credit**") which shall be deemed issued under the DIP Continuing

LC Credit Agreement (as extended, renewed, and/or replaced under the Continuing L/C Facility, the "**Continuing Letters of Credit**" and, together with the New Money DIP Letters of Credit, the "**DIP Letters of Credit**"); in each case, substantially on the terms and conditions set forth in the DIP New Money Credit Agreement by and among, the DIP Facility Borrower and the other Companies, as guarantors (the "**Subsidiary Guarantors**"), the lenders from time to time party thereto (the "**Lenders**"), and Citibank, N.A. ("**Citibank**"), as administrative agent and collateral agent for the Lenders (in such capacity and together with its successors, the "**Agent**") and, with respect to the DIP New Money Credit Agreement, the Term Lenders, Revolving Lenders, and Issuing Lenders (as defined in the DIP New Money Credit Agreement (the "**New Money L/C Issuers**")) and, with respect to the DIP Continuing LC Credit Agreement, the Issuing Lenders (as defined in the DIP Continuing LC Credit Agreement (the "**Continuing L/C Issuers**") and, together with the New Money L/C Issuers, the "**DIP L/C Issuers**" and, collectively with the Term Lenders, Revolving Lenders, and DIP Agent, the "**DIP Secured Parties**"); and, in each case, subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct of the business of the Company (the "**Debtor-in-Possession Financing**"); and be it further

RESOLVED, that the execution and delivery of the DIP New Money Credit Agreement and the DIP Financing Documents (as defined below) by each Entity that is party thereto and the consummation by such Entity of the transactions contemplated thereunder, including (i) in the case of the DIP Facility Borrower, the borrowing of funds under the DIP New Money Credit Agreement, (ii) in the case of the Subsidiary Guarantors, the guaranty of the obligations thereunder as provided in any guaranty, (iii) in the case of the DIP Facility Borrower and the Subsidiary Guarantors, the grant of a security interest in and liens upon substantially all of such Entity's assets in favor of the secured parties (including the authorization of financing statements in connection with liens), (iv) in the case of the DIP Facility Borrower and the Subsidiary Guarantors, to consummate the transactions under that certain Collateral Trust and Intercreditor Agreement, by and among the DIP Facility Borrower, the Subsidiary Guarantors, Citibank as collateral trustee for the benefit of the Secured Parties and each other person party thereto (the "**Intercreditor Agreement**"), and (v) the execution, delivery and performance of all other agreements or the Intercreditor Agreement, instruments, documents, notices or certificates constituting exhibits to the DIP New Money Credit Agreement or that may be required, necessary, appropriate, desirable or advisable to be executed or delivered pursuant to the DIP New Money Credit Agreement and the Intercreditor Agreement or otherwise related thereto, including interest rate or currency hedging arrangements (together with the Intercreditor Agreement, each a "**DIP Financing Document**" and collectively, the "**DIP Financing Documents**"), the making of the representations and warranties and compliance with the covenants thereunder and the assumption of any obligations under and in respect of any of the foregoing, are hereby authorized and approved in all respects, and that any Authorized Person, who may act without the joinder of any other Authorized Person, is hereby severally authorized, empowered and directed, in the name and on behalf of such Entity, to execute and deliver the DIP New Money Credit Agreement and any other DIP Financing Document to which such Entity is a party, with such changes therein and additions thereto as any such Authorized Person, in his or her sole discretion, may deem necessary, convenient, appropriate, advisable or desirable, the execution and delivery of the DIP New Money Credit Agreement and such DIP Financing Document with any changes thereto by the relevant Authorized Person, to be conclusive evidence that such Authorized Person deemed such changes to meet such standard; and be it further

RESOLVED, that the form, terms and provisions of each of (i) the DIP New Money Credit Agreement and the Intercreditor Agreement, including the use of proceeds to provide liquidity for the Companies throughout the Chapter 11 Cases, substantially in the form presented to the Governing Body and (ii) any and all of the other DIP Financing Documents, agreements, including, without limitation, any guarantee and security agreement, letters, notices, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Debtor-in-Possession Financing and the performance of obligations thereunder, including the borrowings and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

3

**RESOLVED**, that each Authorized Person of each Entity, who may act without the joinder of any other Authorized Person, is hereby authorized, empowered, and directed, in the name and on behalf of such Entity, to cause such Entity to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP New Money Credit Agreement and any other DIP Financing Document, in the name and on behalf of such Entity under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the Agent or required by the DIP New Money Credit Agreement and any other DIP Financing Documents; and be it further

**RESOLVED**, that each Entity be, and hereby is, authorized to incur the obligations and to undertake any and all related transactions contemplated under the DIP New Money Credit Agreement and any other DIP Financing Document including the granting of security thereunder; and be it further

**RESOLVED**, that each Authorized Person of each Entity, who may act without the joinder of any other Authorized Person, is hereby authorized to grant security interests in, and liens on, any and all property (including oil and gas properties and other real property) of such Entity as collateral pursuant to the DIP New Money Credit Agreement and any other DIP Financing Document to secure all of the obligations and liabilities of such Entity thereunder to the Lenders and the Agent, and to authorize, execute, verify, file and/or deliver to the Agent, on behalf of such Entity, all agreements, documents and instruments required by the Lenders in connection with the foregoing; and be it further

**RESOLVED**, that each Authorized Person of each Entity, who may act without the joinder of any other Authorized Person, is hereby authorized, empowered, and directed, in the name and on behalf of such Entity, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP New Money Credit Agreement and any other DIP Financing Document, which shall, in such Authorized Person's sole judgment, be necessary, proper or advisable to perform such Entity's obligations under or in connection with the DIP New Money Credit Agreement or any other DIP Financing Document and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that each Authorized Person of each Entity, who may act without the joinder of any other Authorized Person, is hereby authorized, empowered, and directed, in the name and on behalf of such Entity, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP New Money Credit Agreement and/or any of the DIP Financing Documents which shall, in such Authorized Person's sole judgment, be necessary, proper or advisable; and be it further

## IV.   Letter of Credit Financing

**RESOLVED**, that in connection with the Chapter 11 Cases and entry into the Debtor-in-Possession Financing, it is in the best interests of  the DIP Facility Borrower to consummate the transactions under that certain continuing letter of credit facility agreement which, as a requisite condition to entry to the DIP New Money Credit Agreement, extends, renews, and deems issued the letters of credit outstanding under the Prepetition Revolving Credit Facility in an aggregate undrawn face amount of $458,727,219 to be evidenced by that certain Continuing Letter of Credit Facility Agreement, by and among the DIP Facility Borrower, Citibank as administrative agent and collateral trustee and each issuing lender party thereto (the "**Continuing Letter of Credit Facility Agreement**") subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct of the business of the Company (the "**Letter of Credit Financing**"); and be it further

**RESOLVED**, that the execution and delivery of the Continuing Letter of Credit Facility Agreement and the L/C Financing Documents (as defined below) by each Entity that is party thereto and

the consummation by such Entity of the transactions contemplated thereunder, including (i) in the case of the DIP Facility Borrower, the borrowing of funds under the Letter of Credit Facility Agreement, (ii) in the case of the DIP Facility Borrower and the Subsidiary Guarantors, the accession to the Intercreditor Agreement and (iii) the execution, delivery and performance of all other agreements, instruments, documents, notices or certificates constituting exhibits to the Continuing Letter of Credit Facility Agreement or that may be required, necessary, appropriate, desirable or advisable to be executed or delivered pursuant to the Continuing Letter of Credit Facility Agreement or otherwise related thereto, including interest rate or currency hedging arrangements (each a "**L/C Financing Document**" and collectively, the "**L/C Financing Documents**"), the making of the representations and warranties and compliance with the covenants thereunder and the assumption of any obligations under and in respect of any of the foregoing, are hereby authorized and approved in all respects, and that any Authorized Person, who may act without the joinder of any other Authorized Person, is hereby severally authorized, empowered and directed, in the name and on behalf of such Entity, to execute and deliver the Continuing Letter of Credit Facility Agreement and any other L/C Financing Document to which such Entity is a party, with such changes therein and additions thereto as any such Authorized Person, in his or her sole discretion, may deem necessary, convenient, appropriate, advisable or desirable, the execution and delivery of the Continuing Letter of Credit Facility Agreement and such L/C Financing Document with any changes thereto by the relevant Authorized Person, to be conclusive evidence that such Authorized Person deemed such changes to meet such standard; and be it further

**RESOLVED**, that the form, terms and provisions of each of (i) the Continuing Letter of Credit Facility Agreement, including the use of proceeds to provide liquidity for the Companies throughout the Chapter 11 Cases, substantially in the form presented to the Governing Body and (ii) any and all of the other agreements, including, without limitation, any guarantee and security agreement, letters, notices, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Letter of Credit Financing and the performance of obligations thereunder, including the borrowings and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

**RESOLVED**, that each Authorized Person of each Entity, who may act without the joinder of any other Authorized Person, is hereby authorized, empowered, and directed, in the name and on behalf of such Entity, to cause such Entity to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the Continuing Letter of Credit Facility Agreement and any other L/C Financing Document, in the name and on behalf of such Entity under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the Agent or required by the Continuing Letter of Credit Facility Agreement and any other L/C Financing Documents; and be it further

**RESOLVED**, that each Entity be, and hereby is, authorized to incur the obligations and to undertake any and all related transactions contemplated under the Continuing Letter of Credit Facility Agreement and any other L/C Financing Document including the granting of security thereunder; and be it further

**RESOLVED**, that each Authorized Person of each Entity, who may act without the joinder of any other Authorized Person, is hereby authorized to grant security interests in, and liens on, any and all property (including oil and gas properties and other real property) of such Entity as collateral pursuant to the Continuing Letter of Credit Facility Agreement and any other L/C Financing Document to secure all of the obligations and liabilities of such Entity thereunder to the Lenders and the Agent, and to authorize, execute, verify, file and/or deliver to the Agent, on behalf of such Entity, all agreements, documents and instruments required by the Lenders in connection with the foregoing; and be it further

**RESOLVED**, that each Authorized Person of each Entity, who may act without the joinder of any other Authorized Person, is hereby authorized, empowered, and directed, in the name and on behalf of such Entity, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Continuing Letter of Credit Facility Agreement and any other L/C Financing Document, which shall, in such Authorized Person's sole judgment, be necessary, proper or advisable to perform such Entity's obligations under or in connection with the Continuing Letter of Credit Facility Agreement or any other L/C Financing Document and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that each Authorized Person of each Entity, who may act without the joinder of any other Authorized Person, is hereby authorized, empowered, and directed, in the name and on behalf of such Entity, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Continuing Letter of Credit Facility Agreement and/or any of the L/C Financing Documents which shall, in such Authorized Person's sole judgment, be necessary, proper or advisable; and be it further

## V.   **Derivative Transactions**

**RESOLVED**, that it is in the best interest of the Company to, from time to time, enter into (i)  ISDA Master Agreements (including any schedules thereto, any credit support annexes to such schedules and any confirmations thereunder, the "**ISDAs**"), (ii) long-form confirmations referencing a form of ISDA Master Agreement without any schedule thereto (such long-form confirmations together with the ISDAs, collectively referred to as the "**ISDA Agreements**"), (iii) North American Energy Standards Board Base Contracts for the Sale and Purchase of Natural Gas ("**NAESBs**"), (iv) long-form confirmations referencing a form of NAESB (together with the NAESBs, the "**NAESB Agreements**"), (v) agreements with futures commission merchants ("**FCMs**") that enable FCMs to act as brokers (the "**FCM Master Agreements**"), (vi) long-form confirmations referencing an FCM Master Agreement (together with the FCM Master Agreements, the "**FCM Agreements**"), (vii) transactions under the ISDA Agreements and FCM Agreements, including but not limited to fixed-price swaps, physical swaps, interest rate swaps, swaptions, basis swaps, call options, futures contracts, put options, and emission allowances, in each case, in the ordinary course of its business and/or for purposes of hedging or mitigating commercial risk (each such transaction, a "**Derivatives Transaction**"), and (vii) any regulatory agreements, letters, protocols, questionnaires and other documents in connection with the ISDA Agreements, NAESB Agreements, and/or FCM Agreements (together with the ISDA Agreements, NAESB Agreements, and FCM Agreements, the "**Derivative Documents**"); and it be further

**RESOLVED**, that the Company will receive direct and indirect benefits as a result of the transactions contemplated by the Derivatives Documents, including any Derivatives Transactions, and it is, thus, in the best interest of the Company to execute and deliver the Derivatives Documents and perform its respective obligations thereunder as they come due in the ordinary course; and it be further

**RESOLVED**, that, in connection with the Chapter 11 Cases, it is in the best interests of the Company to enter into (i) Consent and Waiver Agreements or Consent and Forbearance Agreements, which amend or amend and restate certain of the Company's existing ISDA Agreements with certain counterparties (collectively, the "**Consent and Waivers**") and (ii) amended FCM Master Agreements with certain FCMs, which amend or amend and restate certain of the Company's existing FCM Master Agreements (the "**Amended FCM Agreements**" and together with the Consent and Waivers, the "**Amended Derivative Documents**"); and it be further

**RESOLVED**, that the Company will receive direct and indirect benefits as a result of the transactions contemplated by the Derivatives Documents and Amended Derivative Documents

(collectively, the "**Postpetition Derivative Documents**"), and it is thus in the best interest of the Company to execute and deliver the Postpetition Derivative Documents and perform its respective obligations thereunder; and it be further

RESOLVED, that the Governing Body of each Entity deems the Postpetition Derivative Documents, the execution and delivery thereof, the performance by the Company of its obligations thereunder and the transactions contemplated thereby to be desirable, advisable and in the best interests of the Entity; and it be further

RESOLVED, that the negotiation, execution, and delivery of the Postpetition Derivative Documents, and the consummation of any transactions contemplated thereunder, including the negotiation, execution, and delivery of all other agreements, documents, forms, certificates, or instruments necessary to consummate the Derivatives Transactions contemplated by the Postpetition Derivative Documents, and any documents or agreements otherwise related thereto, including, but not limited to, amendments and supplements thereto, waivers and terminations thereof, and any Derivatives Policies (as defined below) (collectively, the "**Additional Derivatives Documents**"), be and the same hereby are authorized and approved, and any Authorized Person of the Company, who may act without the joinder of any other Authorized Person, is hereby severally authorized, empowered and directed, in the name and on behalf of the Company, to execute and deliver the Postpetition Derivative Documents, with such changes therein and additions thereto as it may deem necessary, convenient, appropriate, advisable or desirable, the execution and delivery of the Postpetition Derivative Documents with any change thereto by the relevant Authorized Person to be conclusive evidence that such Authorized Person deemed such changes to meet such standard; *provided* that no Postpetition Derivative Documents shall be entered into unless it is in accordance with any derivatives policies and procedures applicable to the Company from time to time (collectively, the "**Derivatives Policies**"), and nothing contained in these resolutions shall be construed to derogate from the Derivatives Policies; and be it further

RESOLVED, that any Authorized Person of the Company, who may act without the joinder of any other Authorized Person of the Company, is hereby authorized, empowered and directed, in the name and on behalf of the Company, to cause the Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the Postpetition Derivative Documents and the Additional Derivatives Documents, in the name and on behalf of the Company under its corporate seal or otherwise, and such other documents, agreements, instrument and certificates as may be required by the Postpetition Derivative Documents, the Additional Derivatives Documents, the DIP New Money Credit Agreement or any other DIP Financing Documents, as may be necessary, appropriate or desirable to consummate the transactions contemplated by the Postpetition Derivative Documents and the Additional Derivatives Documents; and be it further

RESOLVED, that each Authorized Person of the Company, who may act without the joinder of any other Authorized Person, is hereby authorized, empowered and directed, in the name and on behalf of the Company, to take all such further actions, including, without limitation, to pay all fees and expenses, in accordance with the terms of the Postpetition Derivative Documents and the Additional Derivatives Documents, which shall, in such Authorized Person's sole judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with the Postpetition Derivative Documents, the Additional Derivatives Documents, and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

RESOLVED, that each Authorized Person of the Company, who may act without the joinder of any other Authorized Person, is hereby authorized, empowered and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements and other modifications of the

7

Postpetition Derivative Documents and/or any Additional Derivatives Documents which shall, in such Authorized Person's sole judgment be necessary, proper or advisable.

## VI.     Retention of Advisors

**RESOLVED**, that, in connection with the Chapter 11 Cases, any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of such Entity, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, on behalf of such Entity, that such Authorized Person deems necessary, appropriate or advisable in connection with, or in furtherance of, the Chapter 11 Cases, with a view to the successful prosecution of the Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

**RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, is hereby retained as attorneys for each Entity in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Evercore Group L.L.C., located at 55 East 52nd Street, New York, New York 10055, is hereby retained as investment banker for each Entity in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Alvarez & Marsal North America, LLC ("**A&M**"), located at 700 Louisiana Street, Suite 3300, Houston, Texas 3300, is hereby retained as financial advisor for each Entity in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Kroll Restructuring Administration, LLC, located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, is hereby retained as claims agent for each Entity in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the applicable Entity, to take and perform any and all further acts and deeds, including, without limitation, (i) the payment of any consideration, (ii) the payment of fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (iii) negotiating, executing, delivering, performing and filing any and all documents, motions, pleadings, applications, declarations, affidavits, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by the foregoing resolutions (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

## VII.     "First Day" Declarant

**RESOLVED**, that in light of the tenure of A&M's engagement by the Company and, through such engagement, the familiarity and experience of Mr. Ryan Leland Omohundro ("**Mr. Omohundro**"), CFA, CPA, with the Company, its day-to-day operations, business and financial affairs, books and records, the circumstances leading to the commencement of the Chapter 11 Cases, and the Company's negotiations with its key stakeholders to date, each Governing Body has determined it is appropriate and in the best interest of the Company to authorize Mr. Omohundro to serve as a declarant and provide testimony on behalf of

the Company with respect to the Company's need for the relief requested in the "first day" pleadings (the "**First Day Relief**") to be filed in connection with commencement of the Chapter 11 Cases; and be it further

      **RESOLVED,** that Mr. Omohundro is hereby authorized and empowered, on behalf of each Entity, to provide testimony, including by declaration, on behalf of the Company regarding the Company, its day-to-day operations, business and financial affairs, books and records, circumstances leading to the commencement of the Chapter 11 Cases, and negotiations with the Company's key stakeholders and the Company's determination regarding the need for First Day Relief;

## VIII.   General Authority and Ratification

      **RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of such Entity, to take and perform any and all further acts or deeds, including, but not limited to, (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes or certificates that may be required, (ii) the execution, delivery, performance under and filing (if applicable) of any of the foregoing, and (iii) the payment of all fees, consent payments, taxes and other expenses as any such Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to meet such standard; and be it further

      **RESOLVED**, that any and all past actions heretofore taken by any Authorized Person in the name and on behalf of the applicable Entity in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed and approved in all respects as the acts and deeds of such Entity; and be it further

      **RESOLVED**, that the Secretary of each Entity is authorized to place a copy of this consent in the official records of each Entity to document the actions set forth herein as actions taken by the applicable Governing Body of such Entity.

*[Remainder of page intentionally left blank. Signature page follows.]*

**IN WITNESS WHEREOF**, the undersigned, being the Governing Body of each Entity hereafter listed, have executed this written consent as of the date first set forth above.

**IN WITNESS WHEREOF**, the undersigned being the Governing Body of each Entity hereafter listed, have executed this written consent as of the date first set forth above.

**BOARD OF MANAGERS OF**
**TALEN ENERGY SUPPLY, LLC**

_____
Alejandro Hernandez

_____
David M. Leuschen

_____
Andrew Karian

_____
Pierre F. Lapeyre Jr.

_____
Kevin Wang

_____
Carol Flaton

_____
Gary Wojtaszek

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**IN WITNESS WHEREOF**, the undersigned being the Governing Body of each Entity hereafter listed, have executed this written consent as of the date first set forth above.

**BOARD OF MANAGERS OF
TALEN ENERGY SUPPLY**, **LLC**

_____
Alejandro Hernandez

_____
David M. Leuschen

_____
Andrew Karian

_____
Pierre F. Lapeyre Jr.

_____
Kevin Wang

_____
Carol Flaton

_____
Gary Wojtaszek

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**IN WITNESS WHEREOF**, the undersigned being the Governing Body of each Entity hereafter listed, have executed this written consent as of the date first set forth above.

**BOARD OF MANAGERS OF**
**TALEN ENERGY SUPPLY**, **LLC**

_____
Alejandro Hernandez


_____
David M. Leuschen


_____
Andrew Karian


_____
Pierre F. Lapeyre Jr.


_____
Kevin Wang


_____
Carol Flaton


_____
Gary Wojtaszek


[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**IN WITNESS WHEREOF**, the undersigned being the Governing Body of each Entity hereafter listed, have executed this written consent as of the date first set forth above.

**BOARD OF MANAGERS OF
TALEN ENERGY SUPPLY, LLC**

_____
Alejandro Hernandez


_____
David M. Leuschen


_____
Andrew Karian


_____
Pierre F. Lapeyre Jr.


_____
Kevin Wang


_____
Carol Flaton


_____
Gary Wojtaszek

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**IN WITNESS WHEREOF**, the undersigned being the Governing Body of each Entity hereafter listed, have executed this written consent as of the date first set forth above.

**BOARD OF MANAGERS OF**
**TALEN ENERGY SUPPLY, LLC**

_____
Alejandro Hernandez

_____
David M. Leuschen

_____
Andrew Karian

_____
Pierre F. Lapeyre Jr.

_____
Kevin Wang

_____
Carol Flaton

_____
Gary Wojtaszek

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**IN WITNESS WHEREOF**, the undersigned being the Governing Body of each Entity hereafter listed, have executed this written consent as of the date first set forth above.

<div align="center">

**BOARD OF MANAGERS OF**
**TALEN ENERGY SUPPLY, LLC**

_____
Alejandro Hernandez


_____
David M. Leuschen


_____
Andrew Karian


_____
Pierre F. Lapeyre Jr.


_____
Kevin Wang


_____
Carol Flaton


_____
Gary Wojtaszek

</div>

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**IN WITNESS WHEREOF**, the undersigned being the Governing Body of each Entity hereafter listed, have executed this written consent as of the date first set forth above.

**BOARD OF MANAGERS OF
TALEN ENERGY SUPPLY, LLC**

_____
Alejandro Hernandez

_____
David M. Leuschen

_____
Andrew Karian

_____
Pierre F. Lapeyre Jr.

_____
Kevin Wang

_____
Carol Flaton

_____
Gary Wojtaszek

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**BOARD OF DIRECTORS OF**
**TALEN ENERGY SERVICES NORTHEAST, INC.**

DocuSigned by:

*Frank kosa*

54A9C269F9E44B4...

Frank Kosa

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**BOARD OF DIRECTORS OF**
**REALTY COMPANY OF PENNSYLVANIA**

_____
Andrew M. Wright


_____
Thomas G. Douglass, Jr.


_____
Rebekah Reneau

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**BOARD OF DIRECTORS OF**
**REALTY COMPANY OF PENNSYLVANIA**

_____
Andrew M. Wright

DocuSigned by:

*Thomas Douglass*

ED6CD215E447431...
Thomas G. Douglass, Jr.

DocuSigned by:

*Rebekah Reneau*

7DB385215F954C8...
Rebekah Reneau

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**BOARD OF DIRECTORS OF**
**BDW CORP.**

_____
Andrew M. Wright


_____
Thomas G. Douglass, Jr.


_____
Rebekah Reneau

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**BOARD OF DIRECTORS OF
BDW CORP.**

_____

Andrew M. Wright

DocuSigned by:

*Thomas Douglass*

ED6CD215E447431...

Thomas G. Douglass, Jr.

DocuSigned by:

*Rebekah Reneau*

7DB385215F954C8...

Rebekah Reneau

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**BOARD OF DIRECTORS OF**
**LADY JANE COLLIERIES, INC.**

_____
Andrew M. Wright


_____
Thomas G. Douglass, Jr.


_____
Rebekah Reneau

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**BOARD OF DIRECTORS OF
LADY JANE COLLIERIES, INC.**

_____
Andrew M. Wright

DocuSigned by:

*Thomas Douglass*

ED6CD215E447431
_____
Thomas G. Douglass, Jr.

DocuSigned by:

*Rebekah Reneau*

7DB385215F954C8
_____
Rebekah Reneau

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**TALEN ENERGY SUPPLY, LLC,**
as (A) the sole member of (i) Talen Generation, LLC,
(ii) Talen NE LLC, (iii) Talen Texas, LLC, (iv) Susquehanna
Nuclear, LLC, (v) Talen Montana Holdings, LLC, (vi) Talen
Nuclear Development, LLC, and (vii) Talen II Growth Parent
LLC, and (B) the sole manager of Talen Energy Marketing,
LLC

By: _____

Name:        Andrew M. Wright
Title:        General Counsel and Secretary

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**BOARD OF MANAGERS OF SUSQUEHANNA NUCLEAR, LLC**

DocuSigned by:

_____
EC211D7446974A5...
Brad Berryman

DocuSigned by:

_____
2C9688E9AA09464
Alejandro Hernandez

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**BOARD OF MANAGERS OF TALEN MONTANA HOLDINGS, LLC**

Andrew M. Wright

**TALEN TEXAS, LLC,**
as the sole member of (i) Barney Davis, LLC, (ii) Laredo, LLC, (iii) Nueces Bay, LLC, (iv) Talen Texas Property, LLC, and (v) Talen Texas Group, LLC

By: _____

Name:      Andrew M. Wright

Title:      General Counsel and Secretary

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**TALEN GENERATION, LLC,**
as (A) the sole member of (i) Montour, LLC (ii) Brunner
Island, LLC, (iii) Raven Power Generation Holdings LLC,
(iv) RMGL Holdings LLC, (v) Montour Services, LLC
(vi) Holtwood, LLC, (vii) Martins Creek, LLC, (viii) Lower
Mount Bethel Energy, LLC, (ix) Pennsylvania Mines, LLC,
(x) MC OpCo LLC, and (xi) Sapphire Power Generation
Holdings LLC, and (B) the sole manager of Brunner Island
Services, LLC

By: _____

Name:       Andrew M. Wright

Title:        General Counsel and Secretary

**TALEN NUCLEAR DEVELOPMENT, LLC,**
as the sole member of Bell Bend, LLC

By: _____
Name:     Andrew M. Wright
Title:      General Counsel and Secretary

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**TALEN II GROWTH PARENT LLC**
as the sole member of Talen II Growth Holdings LLC

By: _____

Name:       Andrew M. Wright

Title:        General Counsel and Secretary

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**RAVEN POWER GENERATION HOLDINGS LLC,**
as the sole member of (i) Raven Power Finance LLC, and
(ii) Raven Power Group LLC

By: _____

Name:      Andrew M. Wright

Title:      General Counsel and Secretary

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**RAVEN POWER FINANCE LLC,**
as the sole member of (i) Raven Power Fort Smallwood LLC,
(ii) Raven Lot 15 LLC, and (iii) Raven Power Property LLC

By: _____

Name:        Andrew M. Wright

Title:        General Counsel and Secretary

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**RAVEN POWER FORT SMALLWOOD LLC,**
as the sole member of Raven FS Property Holdings LLC

By: _____
Name:       Andrew M. Wright
Title:       General Counsel and Secretary

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**RAVEN LOT 15 LLC,**
as the sole member of Fort Armistead Road – Lot 15 Landfill,
LLC

By:

Name:     Andrew M. Wright
Title:      General Counsel and Secretary

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**RAVEN FS PROPERTY HOLDINGS LLC,**
as the sole member of (i) H.A. Wagner LLC, and (ii) Brandon
Shores LLC

By: _____
Name:      Andrew M. Wright
Title:      General Counsel and Secretary

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**TALEN MONTANA HOLDINGS, LLC,**
as the sole member of (i) Talen Montana, LLC, and
(ii) Colstrip Comm Serv, LLC

By: _____

Name:      Andrew M. Wright
Title:      General Counsel and Secretary

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

DocuSign Envelope ID: 01C0A46C-2EEB-4BAA-8504-B4DC1E853BA6

**TALEN MONTANA, LLC,**
as the sole member of Montana Growth Holdings LLC

By:  _John Chesser_

Name:    John Chesser
Title:    Chief Financial Officer

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**SAPPHIRE POWER GENERATION HOLDINGS LLC,**
as the sole member of (i) Sapphire Power LLC, and (ii) Morris
Energy Management Company, LLC

By:

Name:       Andrew M. Wright
Title:       General Counsel and Secretary

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**SAPPHIRE POWER LLC,**
as the sole member of Sapphire Power Finance LLC

By: _____
Name:      Andrew M. Wright
Title:      General Counsel and Secretary

**SAPPHIRE POWER FINANCE LLC,**
as the sole member of MEG Generating Company, LLC

By: _____
Name:      Andrew M. Wright
Title:      General Counsel and Secretary

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**MEG GENERATING COMPANY, LLC,**
as the sole member of Sapphire Power Marketing LLC

By:
Name:      Andrew M. Wright
Title:       General Counsel and Secretary

**SAPPHIRE POWER MARKETING LLC,**
as the sole member of (i) Pedricktown Management Company LLC, (ii) Pedricktown Investment Company LLC, (iii) York Plant Holding, LLC, (iv) Elmwood Energy Holdings, LLC, (v) Camden Plant Holding, L.L.C., and (vi) Newark Bay Holding Company, L.L.C.

By: _____
Name:       Andrew M. Wright
Title:        General Counsel and Secretary

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**YORK PLANT HOLDING, LLC,**
as the sole member of York Generation Company LLC

By: _____
Name:      Andrew M. Wright
Title:       General Counsel and Secretary

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**ELMWOOD ENERGY HOLDINGS, LLC,**
as the sole member of Elmwood Park Power, LLC

By: _____
Name:      Andrew M. Wright
Title:      General Counsel and Secretary

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**NEWARK BAY HOLDING COMPANY, L.L.C.,**
as the sole member of Liberty View Power, L.L.C.

By: _____
Name:        Andrew M. Wright
Title:        General Counsel and Secretary

**MORRIS ENERGY MANAGEMENT COMPANY, LLC,**
as the sole member of Morris Energy Operations Company,
LLC

By: _____

Name:    Andrew M. Wright

Title:    General Counsel and Secretary

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**TALEN ENERGY MARKETING, LLC,**
as the sole member of (i) Talen Energy Retail LLC, (ii) Talen
Treasure State, LLC, and (iii) Talen Energy Services Group,
LLC

By: _____

Name:     Andrew M. Wright

Title:      General Counsel and Secretary

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**TALEN ENERGY SERVICES GROUP, LLC,**
as the sole member of (i) Talen Energy Services Holdings, LLC, and (ii) Talen Land Holdings, LLC

By: _____

Name:      Andrew M. Wright

Title:      General Counsel and Secretary

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**TALEN NE LLC,**
as the sole member of (i) Dartmouth Plant Holding, LLC, and
(ii) Northeast Gas Generation Holdings, LLC

By: _____

Name:     Andrew M. Wright

Title:      General Counsel and Secretary

**DARTMOUTH PLANT HOLDING, LLC,**
as the sole member of Dartmouth Power Holding Company,
L.L.C.

By: _____

Name:      Andrew M. Wright

Title:      General Counsel and Secretary

**DARTMOUTH POWER HOLDING COMPANY, L.L.C.,**
as the sole member of Dartmouth Power Generation, L.L.C.

By: _____
Name:      Andrew M. Wright
Title:        General Counsel and Secretary

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**TALEN II GROWTH HOLDINGS LLC,**
as the sole member of Talen Technology Ventures LLC

By: _____

Name:      Andrew M. Wright

Title:       General Counsel and Secretary

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**PEDRICKTOWN MANAGEMENT COMPANY LLC,**
as the sole general partner of Pedricktown Cogeneration
Company LP

By: _____
Name:      Andrew M. Wright
Title:      General Counsel and Secretary

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**LIBERTY VIEW POWER, L.L.C.,**
as the sole general partner of Newark Bay Cogeneration
Partnership, L.P.

By: _____

Name:    Andrew M. Wright

Title:    General Counsel and Secretary

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**DARTMOUTH POWER GENERATION, L.L.C.,**
as the sole general partner of Dartmouth Power Associates
Limited Partnership

By: _____

Name:     Andrew M. Wright

Title:      General Counsel and Secretary

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

**Schedule A**

1.  Talen Energy Supply, LLC
2.  Talen Montana Holdings, LLC
3.  Talen Montana, LLC
4.  Montana Growth Holdings LLC
5.  Colstrip Comm Serv, LLC
6.  Talen Generation, LLC
7.  Montour, LLC
8.  Brunner Island, LLC
9.  Raven Power Generation Holdings LLC
10. Raven Power Group LLC
11. Raven Power Finance LLC
12. Raven Power Fort Smallwood LLC
13. Raven FS Property Holdings LLC
14. H.A. Wagner LLC
15. Brandon Shores LLC
16. Raven Lot 15 LLC
17. Fort Armistead Road – Lot 15 Landfill, LLC
18. Raven Power Property LLC
19. RMGL Holdings LLC
20. Brunner Island Services, LLC
21. Realty Company of Pennsylvania
22. BDW Corp.
23. Lady Jane Collieries, Inc.
24. Montour Services, LLC
25. Holtwood, LLC
26. Martins Creek, LLC
27. Sapphire Power Generation Holdings LLC
28. Sapphire Power LLC
29. Sapphire Power Finance LLC
30. MEG Generating Company, LLC
31. Sapphire Power Marketing LLC
32. Pedricktown Management Company LLC
33. Pedricktown Investment Company LLC
34. Pedricktown Cogeneration Company LP
35. York Plant Holding, LLC
36. York Generation Company LLC
37. Elmwood Energy Holdings, LLC
38. Elmwood Park Power, LLC
39. Camden Plant Holding, L.L.C.
40. Newark Bay Holding Company, L.L.C.
41. Liberty View Power, L.L.C.
42. Newark Bay Cogeneration Partnership, L.P.
43. Morris Energy Management Company, LLC
44. Morris Energy Operations Company, LLC
45. Lower Mount Bethel Energy, LLC

46. Pennsylvania Mines, LLC
47. MC OpCo LLC
48. Talen Nuclear Development, LLC
49. Bell Bend, LLC
50. Susquehanna Nuclear, LLC
51. Talen Texas, LLC
52. Barney Davis, LLC
53. Nueces Bay, LLC
54. Laredo, LLC
55. Talen Texas Property, LLC
56. Talen Texas Group, LLC
57. Talen Energy Marketing, LLC
58. Talen Energy Retail LLC
59. Talen Treasure State, LLC
60. Talen Energy Services Group, LLC
61. Talen Energy Services Holdings, LLC
62. Talen Energy Services Northeast, Inc.
63. Talen Land Holdings, LLC
64. Talen NE LLC
65. NorthEast Gas Generation Holdings, LLC
66. Dartmouth Plant Holding, LLC
67. Dartmouth Power Holding Company, L.L.C.
68. Dartmouth Power Generation, L.L.C.
69. Dartmouth Power Associates Limited Partnership
70. Talen II Growth Parent LLC
71. Talen II Growth Holdings LLC
72. Talen Technology Ventures LLC

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td colspan="2">Debtor name:  Fort Armistead Road – Lot 15 Landfill, LLC</td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the Southern District of Texas<br>(State)</td></tr>
<tr><td colspan="2">Case number (If known):      22-_____ ( )</td></tr>
</table>

☐ Check if this is an
amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of consolidated creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.[1]

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1.  The Bank of New York Mellon, as Trustee Attn.:  Raymond O'Neil, Vice President, Client Service Manager 500 Ross Street, 12th Floor Pittsburgh, Pennsylvania  15262 | Attn.:  Raymond O'Neil, Vice President, Client Service Manager Phone: (412) 236-2101 Facsimile:  (412) 234-8377 Email: raymond.k.oneil@bnymellon.com | 10.500% Senior Notes due 2026 | | | | $625,445,802.00 |
| 2.  The Bank of New York Mellon, as Trustee Attn.:  Raymond O'Neil, Vice President, Client Service Manager 500 Ross Street, 12th Floor Pittsburgh, Pennsylvania  15262 | Attn.:  Raymond O'Neil, Vice President, Client Service Manager Phone: (412) 236-2101 Facsimile:  (412) 234-8377 Email: raymond.k.oneil@bnymellon.com | 6.500% Senior Notes due 2025 | | | | $557,313,904.00 |
| 3.  Pennsylvania Economic Development Financing Authority Pennsylvania Department of Community and Economic Development, Center for Private Financing Attn.:  Stephen Drizos, Director Commonwealth Keystone Building 400 North Street, 4th Floor Harrisburg, Pennsylvania  17120-0225 | Attn.:  Stephen Drizos, Director Phone:  (717) 783-1109 Email: sdrizos@pa.gov | PEDFA Series 2009A, 2009B, 2009C Bonds | | | | $231,709,643.00 |
| 4.  The Bank of New York Mellon, as Trustee Attn.:  Raymond O'Neil, Vice President, Client Service Manager 500 Ross Street, 12th Floor Pittsburgh, Pennsylvania  15262 | Attn.:  Raymond O'Neil, Vice President, Client Service Manager Phone: (412) 236-2101 Facsimile:  (412) 234-8377 Email: raymond.k.oneil@bnymellon.com | 6.000% Senior Notes due 2036 | | | | $121,479,505.00 |

---

[1]    Amounts may contain projected estimates of pre-petition liability as of the Petition Date and are subject to change.

WEIL:\98260282\10\76974.0003

| Debtor | Fort Armistead Road – Lot 15 Landfill, LLC | Case number (if known) | 22-_____ ( ) |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 5. The Bank of New York Mellon, as Trustee Attn.: Raymond O'Neil, Vice President, Client Service Manager 500 Ross Street, 12th Floor Pittsburgh, Pennsylvania 15262 | Attn.: Raymond O'Neil, Vice President, Client Service Manager Phone: (412) 236-2101 Facsimile: (412) 234-8377 Email: raymond.k.oneil@bnymellon.com | 6.500% Senior Notes due 2024 | | | | $24,411,078.00 |
| 6. The Bank of New York Mellon, as Trustee Attn.: Raymond O'Neil, Vice President, Client Service Manager 500 Ross Street, 12th Floor Pittsburgh, Pennsylvania 15262 | Attn.: Raymond O'Neil, Vice President, Client Service Manager Phone: (412) 236-2101 Facsimile: (412) 234-8377 Email: raymond.k.oneil@bnymellon.com | 7.000% Senior Notes due 2027 | | | | $20,361,149.00 |
| 7. The Bank of New York Mellon, as Trustee Attn.: Raymond O'Neil, Vice President, Client Service Manager 500 Ross Street, 12th Floor Pittsburgh, Pennsylvania 15262 | Attn.: Raymond O'Neil, Vice President, Client Service Manager Phone: (412) 236-2101 Facsimile: (412) 234-8377 Email: raymond.k.oneil@bnymellon.com | 9.500% Senior Notes due 2022 | | | | $17,003,689.00 |
| 8. Day & Zimmermann NPS Attn.: Harold Yoh, III, Chair & CEO 1500 Spring Garden Street Philadelphia, Pennsylvania 19130 | Attn.: Harold Yoh, III, Chair & CEO Phone: (215) 299-8000 Email: harold.yoh@dayzim.com | Trade Payables | | | | $13,075,604.00 |
| 9. GE Hitachi Nuclear Energy Americas LLC Attn.: Jay Wileman, President & CEO 3901 Castle Hayne Road Wilmington, North Carolina 28402 | Attn.: Jay Wileman, President & CEO Phone: (910) 200-7993 Email: jay.wileman@ge.com | Trade Payables | | | | $10,151,859.00 |
| 10. General Electric International, Inc. Attn.: H. Lawrence Culp Jr., CEO 5 Necco Street Boston, Massachusetts 02210 | Attn.: H. Lawrence Culp Jr., CEO Phone: (877) 394-9775 Email: lawrence.culp@ge.com | Trade Payables | | | | $4,098,309.00 |
| 11. The Merrick Group Inc. Attn.: Daniel Merrick, CEO 100 Unico Drive West Hazleton, Pennsylvania 18202 | Attn.: Daniel Merrick, CEO Phone: (570) 455-0600 Facsimile: (570) 455-5787 Email: dmerrick@mginc.net | Trade Payables | | | | $3,822,412.00 |
| 12. US Nuclear Regulatory Commission - USNRC Attn.: Christopher T. Hanson, Chairman & Commissioner One White Flint North 11555 Rockville Pike Rockville, Maryland 20852-2738 | Attn.: Christopher T. Hanson, Chairman & Commissioner Phone: (301) 415-0566 Email: chairman@nrc.gov | Trade Payables | | | | $3,293,280.00 |
| 13. Siemens Energy, Inc. Attn.: Christian Bruch, President & CEO 4400 North Alafaya Trail Orlando, Florida 32826 | Attn.: Christian Bruch, President & CEO Phone: (407) 736-2000 Email: christian.bruch@siemens.com | Trade Payables | | | | $3,016,185.00 |
| 14. System One Holdings, LLC Attn.: Troy Gregory, President & CEO 210 Sixth Avenue, Suite 3100 Pittsburgh, Pennsylvania 15222 | Attn.: Troy Gregory, President & CEO Phone: (412) 995-1900 Email: troy.gregory@systemoneservices.com | Trade Payables | | | | $2,363,309.00 |

| Debtor | Fort Armistead Road – Lot 15 Landfill, LLC | Case number (if known) | 22-_____ ( ) |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15. Paul Farr<br>Address on File | Attn.: Paul Farr<br>Address on File | Supplemental Compensation Plan | | | | $1,953,973.00 |
| 16. Consol Energy Inc.<br>Attn.: Jimmy A. Brock, President & CEO<br>1000 Consol Energy Drive, Suite 100<br>Canonsburg, Pennsylvania 15317-6506 | Attn.: Jimmy A. Brock, President & CEO<br>Phone: (724) 416-8300<br>Email: jimmybrock@consolenergy.com | Trade Payables | | | | $1,889,780.00 |
| 17. BHI Energy, Inc.<br>Attn.: Robert Decensi, CEO<br>97 Libbey Industrial Parkway, 4th Floor<br>Weymouth, Massachusetts 02189 | Attn.: Robert Decensi, CEO<br>Phone: (203) 453-6653<br>Email: rdecensi@bhienergy.com | Trade Payables | | | | $1,500,307.00 |
| 18. Enerfab Power & Industrial, Inc.<br>Attn.: Trisha Cole, CFO<br>4430 Chickering Avenue<br>Cincinnati, Ohio 45232 | Attn.: Trisha Cole, CFO<br>Phone: (513) 374-6989<br>Email: trisha.cole@enerfab.com | Trade Payables | | | | $1,457,464.00 |
| 19. Oftedal Construction Inc.<br>Attn.: Greg Jackson, President<br>2376 Seven Mile Road<br>Casper, Wyoming 82604 | Attn.: Greg Jackson, President<br>Phone: (307) 237-4499<br>Facsimile: (307) 473-2633<br>Email: gjackson@oftedalconstruction.com | Trade Payables | | | | $1,387,263.00 |
| 20. The Atlantic Group, Inc. d/b/a DZ Atlantic<br>Attn.: Harold Yoh, III, Chair & CEO<br>1500 Spring Garden Street<br>Philadelphia, Pennsylvania 19130 | Attn.: Harold Yoh, III, Chair & CEO<br>Phone: (215) 299-8000<br>Email: harold.yoh@dayzim.com | Trade Payables | | | | $1,327,305.00 |
| 21. NAES Power Contractors<br>Attn.: Norman Escover, President & CEO<br>1180 NW Maple Street, Suite 200<br>Vancouver, Washington 98661 | Attn.: Norman Escover, President & CEO<br>Phone: (425) 961-4700<br>Email: norm.escover@naes.com | Trade Payables | | | | $1,216,781.00 |
| 22. CFM/VR-Tesco, LLC<br>Attn.: Steve Mondrowski, Vice President<br>1875 Fox Lane<br>Elgin, Illinois 60123 | Attn.: Steve Mondrowski, Vice President<br>Phone: (847) 895-6694<br>Email: smondrowski@globalfield.net | Trade Payables | | | | $1,084,239.00 |
| 23. Elite Piping & Civil, Ltd.<br>Attn.: Joe Durham, CEO<br>225 S. 16th Street<br>La Porte, Texas 77571 | Attn.: Joe Durham, CEO<br>Phone: (281) 867-1125<br>Email: joedurham@catspec.com | Trade Payables | | | | $1,007,700.00 |
| 24. SPX Cooling Technologies, Inc.<br>Attn.: Gene Lowe, President & CEO<br>6325 Ardrey Kell Road, Suite 400<br>Charlotte, North Carolina 28277 | Attn.: Gene Lowe, President & CEO<br>Phone: (980) 474-3700<br>Email: gene.lowe@spx.com | Trade Payables | | | | $885,163.00 |
| 25. Framatome Inc.<br>Attn.: Bernard Fontana, CEO<br>3315 Old Forest Road<br>Lynchburg, Virginia 24501 | Attn.: Bernard Fontana, CEO<br>Phone: (434) 832-3000<br>Email: bernard.fontana@framatome.com | Trade Payables | Unliquidated | | | $555,057.00 |

WEIL:\98260282\10\76974.0003

| Debtor | Fort Armistead Road – Lot 15 Landfill, LLC | Case number (if known) | 22-_____ ( ) |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 26. Holtec International<br>Attn.: Kris Singh, President & CEO<br>1001 N US Highway 1<br>Jupiter, Florida 33477 | Attn.: Kris Singh, President & CEO<br>Phone: (561) 427-2300<br>Email:<br>kris.singh@holtecinternational.com | Trade Payables | Unliquidated | | | Undetermined |
| 27. Credit Suisse International<br>Attn.: Marc Mansourian, Managing Director<br>11 Madison Avenue<br>New York, New York 10010<br><br>Credit Suisse International<br>Attn.: Marc Mansourian, Managing Director<br>One Cabot Square<br>London England, E14 4QJ<br>United Kingdom | Attn.: Marc Mansourian, Managing Director<br>Phone: (212) 538-0294<br>Facsimile: +44 207 888 8398<br>Email:<br>marc.mansourian@credit-suisse.com | Letter of Credit Facility | Contingent Unliquidated | | | Undetermined |
| 28. PPL Corporation<br>Attn.: Wendy Stark, SVP & General Counsel<br>2 N. 9th Street<br>Allentown, Pennsylvania 18101 | Attn.: Wendy Stark, SVP & General Counsel<br>Phone: (610) 774-5151<br>Facsimile: (610) 774-6503<br>Email: wstark@pplweb.com | Litigation | Contingent Unliquidated Disputed | | | Undetermined |
| 29. MUFG Bank, Ltd.<br>Attn.: Sean Santos, Director<br>1221 Avenue of the Americas<br>New York, New York 10020 | Attn.: Sean Santos, Director<br>Phone: (212) 782-4211<br>Email: ssantos@us.mufg.jp | Reimbursement Agreement PEDFA Series 2009B and 2009C Bonds | Contingent Unliquidated | | | Undetermined |
| 30. Pension Benefit Guaranty Corporation (PBGC)<br>Attn: Patricia Kelly, CFO<br>1200 K Street, NW<br>Washington, District of Columbia 20005 | Attn.: Patricia Kelly, CFO<br>Phone: (202) 229-3033<br>Email: kelly.patricia@pbgc.gov | Pension | Contingent Unliquidated | | | Undetermined |

WEIL:\98260282\10\76974.0003

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| | § | |
| **In re** | § | **Chapter 11** |
| | § | |
| **FORT ARMISTEAD ROAD – LOT 15** | § | **Case No. 22– _____(   )** |
| **LANDFILL, LLC,** | § | |
| | § | |
| **Debtor.** | § | |
| | § | |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**
**PURSUANT TO FED. R. BANKR. P. 1007 AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), attached hereto as **Exhibit A** is an organizational chart reflecting all of the ownership interests in Talen Energy Supply, LLC (the "**TES**") and its debtor affiliates (each, a "**Debtor**" and collectively, the "**Debtors**").  Pursuant to Rule 1007(a)(3) of the Bankruptcy Rules, the organizational chart identifies all holders having an equity interest in the above-captioned debtor in possession.  The Debtors respectfully represent as follows:

1.      Each Debtor listed in **Exhibit A** is 100% owned by its direct parent unless otherwise noted.

2.      Talen Energy Corporation ("**TEC**") is owned 49% by Talen MidCo LLC, 28.9% by Raven Power Holdings LLC ("**Raven**") and 18.5% by C/R Energy Jade, LLC ("**Jade**").

3.      The following affiliates of Riverstone Holdings LLC own more than 10% of the equity in Talen MidCo LLC, Raven and Jade:

      a.   Talen MidCo LLC is owned 56.6% by Raven and 36.3% by Jade.

b.  Raven is 99% owned by Riverstone V Raven Holdings, L.P. ("**Raven Holdings**"), which is 100% owned by Riverstone Global Energy and Power Fund V, L.P. ("**Fund V**").

c.  Jade is 90% owned by Carlyle/Riverstone Global Energy and Power Fund III, L.P. ("**Fund III**").

4.   No person or entity owns, directly or indirectly, more than a 10% equity interest in TEC, other than Talen MidCo LLC, Raven, Jade, Raven Holdings, Fund V, and Fund III.

5.   As set forth on **Exhibit A**, TEC owns 100% of the outstanding equity interests of TES.

6.   TES owns, either directly or indirectly, 100% of the outstanding equity interests in the remaining Debtors.

2

**<u>Exhibit A</u>**

**Organizational Chart**





TALEN ENERGY

# Corporate Structure

1. Non-debtor subsidiaries of Talen Energy Supply, LLC are excluded from this Organizational Chart.
2. Direct and indirect subsidiaries of Talen Generation, LLC provided on page 2 hereof.

**Ownership interests are 100%, unless otherwise noted.**
**Entities are organized in Delaware, unless otherwise noted.**

TALEN ENERGY

**Ownership interests are 100%, unless otherwise noted.**
**Entities are organized in Delaware, unless otherwise noted.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| | § | |
| In re | § | **Chapter 11** |
| | § | |
| **FORT ARMISTEAD ROAD – LOT 15** | § | **Case No. 22– _____ (   )** |
| **LANDFILL, LLC,** | § | |
| | § | |
| Debtor. | § | |
| | § | |

## LIST OF EQUITY HOLDERS[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having a direct or indirect ownership interest, of the above-captioned debtor in possession (the "**Debtor**").

Check applicable box:

☐       There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

☒       The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Number of Interests Held |
|---|---|---|
| Raven Lot 15 LLC<br>1780 Hughes Landing Boulevard<br>Suite 800<br>The Woodlands, Texas 77380 | Membership Interests | 100% |

---

[1]       This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the Debtor's chapter 11 case.

**Fill in this information to identify the case:**

Debtor name: <u>Fort Armistead Road – Lot 15 Landfill, LLC</u>

United States Bankruptcy Court for the <u>Southern District of Texas</u>
<div align="center">(State)</div>

Case number (*If known*):   <u>22-_____ ( )</u>

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors                    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule _____
- ☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☒ Other document that requires a declaration <u>Consolidated Corporate Ownership Statement and List of Equity Holders</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>May 9, 2022</u>
<div>MM /DD /YYYY</div>

**✗** <u>/s/ Andrew M. Wright</u>
Signature of individual signing on behalf of debtor

<u>Andrew M. Wright</u>
Printed name

<u>General Counsel and Secretary</u>
Position or relationship to debtor

WEIL:\98260282\10\76974.0003